UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VINCENT NELSON,<br><br>Plaintiff,<br><br>v.<br><br>EIC ASSOCIATES, INC.,<br><br>Defendant. | Civil Action No. 17-13074 (JMV)<br><br>OPINION AND ORDER |

**CLARK, Magistrate Judge**

**THIS MATTER** comes before the Court on a motion by Defendant EIC Associates, Inc. ("EIC" or "Defendant") to set aside default [ECF No. 13]. Plaintiff Vincent Nelson ("Plaintiff") opposes Defendant's motion [ECF No. 15]. For the reasons set forth below, Defendant's motion [ECF No. 13] is **GRANTED**.

## I. FACTUAL BACKGROUND

Plaintiff filed a Complaint against EIC on December 14, 2017 alleging one cause of action for negligence pursuant to 33 U.S.C. § 905(b). Compl. ¶¶ 11-17, ECF No. 1. After EIC failed to file a timely response to the Complaint, the Clerk of the Court entered default against EIC [ECF No. 5]. Approximately two months after the entry of default, EIC filed a Motion to Set Aside the Entry of Default [ECF No. 13], and Plaintiff filed his Brief in Opposition [ECF No. 15].

In its motion, Defendant contends that this Court should vacate the entry of default and grant EIC permission to file its Answer. ECF No 13-5 at 4. Defendant puts forth four contentions to support its arguments. First, Defendant contends that Plaintiff will not suffer any prejudice if the default against EIC is vacated because there has been no loss of evidence nor any hindrance to Plaintiff's ability to proceed with his claims. *Id*. at 5. Second, Defendant argues that its "open and

1

obvious" defense is facially meritorious which would heavily favor vacating the entry of default in this matter. *Id*. at 5. Third, Defendant contends that default was not caused by any culpable conduct by EIC. *Id*. at 7. Rather, Defendant asserts, *inter alia*, that its delay was the result of simple oversight by other parties. *Id*. Lastly, Defendant argues that alternative sanctions should not be imposed because EIC has not acted willfully or in bad faith. *Id*. at 11.

In response, Plaintiff does not refute all Defendant's contentions, nor does Plaintiff address all factors a court must consider when deciding whether to set aside default. Rather, Plaintiff argues that his "right to have his claim adjudicated quickly, to make up for his pecuniary losses, as an individual, is a significant right, and the delays caused by defendant ignoring plaintiff do prejudice the plaintiff." Pl.'s Br. in Opp'n, ECF No. 15 at 5. Based on this contention, Plaintiff argues that Defendant's motion should be denied.

## II.  DISCUSSION

Motions to enter default judgment and vacate default are both governed by Rule 55 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 55(a)–(c). Rule 55(c) provides that "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). The decision to vacate a default is left to the sound discretion of the district court. *Harad v. Aetna Cas. & Sur. Co.*, 839 F.2d 979, 982 (3d Cir. 1988). When deciding whether to vacate default, a court must consider three factors: (1) whether the plaintiff will be prejudiced if the default is lifted; (2) whether the defendant has a meritorious defense; and (3) whether culpable conduct of the defendant led to the default. *See Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656 (3d Cir. 1982); *see also United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984).

"There is a distinction between a default standing alone and a default judgment . . .. Less substantial grounds may be adequate for setting aside a default than would be required for opening

a judgment." *Feliciano*, 691 F.2d at 656. Where there is a close case, the Third Circuit has instructed that it "should be resolved in favor of setting aside the default and reaching a decision on the merits." *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 122 (3d Cir. 1983) (citing *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982)).

Here, all three factors weigh in favor of vacating entry of default against EIC. In regards to the first factor, "[p]rejudice to the plaintiff exists where a defendant is judgment-proof or where 'there has been a loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment.'" *1199 SEIU United Healthcare Workers E. v. Amboy Care Ctr.*, No. 15–309, 2015 WL 3649031, at *3 (D.N.J. 2015) (quoting *Julaj v. Tau Assoc. LLC*, 2013 WL 4731751, at *4 (D.N.J. 2013)). Furthermore, courts in this jurisdiction have held that "the inconvenience and expense to a plaintiff of having to litigate on the merits do not rise to the level of prejudice required to satisfy this element." *Julaj*, 2013 WL 4731751, at *4; *see also Best Sign Sys., Inc. v. Chapman*, No. 09–5244, 2010 WL 3025166, at *2 (D.N.J. 2010) (noting that the plaintiff's expense and inconvenience of delay was not a sufficient level of prejudice to justify the entry of default judgment).

Plaintiff argues that vacating the entry of default will prejudice him because he has a right to have his claims adjudicated quickly to make up for his pecuniary losses. Pl.'s Br. in Opp'n at 5. EIC argues that Plaintiff will not be prejudiced because there has been no loss of evidence nor any hindrance to Plaintiff's ability to proceed with his claims. ECF No 13-5 at 5. Here, Plaintiff's argument is solely based on his anticipated inconvenience of having to litigate the case on the merits if the entry of default is vacated. Inconvenience alone, however, does not rise to the level of prejudice required to justify an entry of default judgment. *See Julaj*, 2013 WL 4731751, at *4. Accordingly, this factor weighs in favor of Defendant.

With respect to the second factor, "[a] meritorious defense is one that 'if established at trial, would constitute a complete defense.'" *Id.* at *3 (quoting *$55,518.05 in U.S. Currency*, 728 F.2d at 195). On a motion to vacate entry of default, the court "need not decide the legal issue at this time; it is sufficient that [EIC's] proffered defense is not "facially unmeritorious." *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987). Here, Plaintiff seeks damages pursuant to 33 U.S.C. § 905(b) for Defendant's alleged negligence that caused Plaintiff to sustain serious personal injuries. Compl. ¶¶ 11-17. Specifically, Plaintiff alleges that he suffered injuries after falling through an open manhole which was left open by Defendant. *Id*. EIC contends that it is entitled to the "open and obvious" condition defense because the "hatches are by their very nature designed to be open at certain times and that such condition was, at the very least, open and obvious." ECF No. 13-5 at 5. Without delving into the merits of this case, it appears that EIC has proffered a facially meritorious defense. Accordingly, the Court finds that EIC has adequately presented a meritorious defense against Plaintiff's allegations at this stage of the proceedings.

The final factor "requires the Court to determine whether the default is the result of culpable conduct or merely "excusable neglect" on the part of [EIC]." *Julaj*, 2013 WL 4731751, at *3. "[C]ulpable conduct means actions taken willfully or in bad faith." *Gross*, 700 F.2d at 123–24. Here, EIC's proffered that its delay in filing a response to the Complaint was due to "simple administrative oversight by other parties, in that there appears to have been substantial miscommunication between EIC's insurance broker and the relevant insurance carriers(s)." ECF No. 13-5 at 7. EIC has proffered a reason for its delay and nothing in the record indicates that EIC's delay in answering the Complaint was willful or in bad faith. Accordingly, the Court finds that the entry of default against EIC was not the result of culpable conduct.

As all three factors weigh in favor of vacating the entry of default against EIC, the Court grants EIC's Motion to Set Aside Default.

### III. CONCLUSION AND ORDER

The Court having considered the papers submitted pursuant to Fed. R. Civ. P. 78, and for the reasons set forth above;

**IT IS** on this 20th day of December, 2018,

**ORDERED** that Defendant's Motion to Set Aside Default [ECF No. 13] is **GRANTED**; it is further

**ORDERED** that Defendant shall have **twenty-one (21) days** from the date of this Order to respond to Plaintiff's Complaint.

    s/ James B. Clark, III
**JAMES B. CLARK, III**
**United States Magistrate Judge**